51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Robert VOIGTSBERGER, Defendant-Appellant.
 No. 94-2877
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 14, 1995
Filed: April 10, 1995
 
 Before FAGG, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Voigtsberger appeals his conviction and sentence after a jury found him guilty of fifteen counts of mail fraud in violation of 18 U.S.C. Sec. 1341. Voigtsberger argues that the district court[1] committed two instructional errors and improperly enhanced his sentence for more than minimal planning. We affirm.
 
 
 2
 The sixteen-count indictment charged that financial advisor Voigtsberger devised a scheme to defraud numerous clients using various fraudulent means to secretly convert over $350,000 of client funds between 1981 and 1993. Each of the sixteen counts alleged a specific use of the mails "for the purpose of executing the scheme and artifice to defraud." Voigtsberger testified in his own defense, admitting some fraudulent conduct but denying that he devised a scheme to defraud. The jury convicted him on fifteen of the sixteen mail fraud charges.
 
 
 3
 On appeal, Voigtsberger first argues that the district court committed plain error in failing to give an adequate "unanimity instruction." Because the indictment alleged five different "subschemes," Voigtsberger explains, such an instruction was needed to ensure that all jurors convicted him of the same crime. However, the district court gave a unanimity instruction:
 
 
 4
 You need not find that each client was defrauded, but you must be unanimous that at least one client was defrauded in order to convict the defendant.
 
 
 5
 Voigtsberger neither requested a unanimity instruction nor objected to the court's instruction. We conclude there was no plain error.
 
 
 6
 Voigtsberger next argues that the district court erred in refusing to give his requested theory-of-the-defense instruction. The requested instruction consisted of three paragraphs. The district court included the substance of the first two paragraphs elsewhere in its instructions. Thus, this issue turns on the third paragraph of the requested instruction:
 
 
 7
 If you find that the defendant was merely reacting to the events and pressures of the moment, then the government has not met its burden of proof, and you must find the defendant not guilty.
 
 
 8
 In response to Voigtsberger's request for a theory-of-the-defense instruction, the district court gave a lengthy instruction explaining that "good faith of the defendant is a complete defense to the charges." The court declined Voigtsberger's request for the above-quoted "coercion by circumstances" instruction, commenting, "I don't think that is the law." However, defense counsel was permitted to argue in closing that Voigtsberger's individual fraudulent acts reflected reactions to events of the moment, rather than a scheme to defraud. We conclude that the district court's instructions fairly incorporated the theory of Voigtsberger's defense and did not abuse the court's substantial discretion to frame appropriate instructions.
 
 
 9
 Finally, Voigtsberger argues that it was prohibited "double counting" to assess a sentence enhancement for more than minimal planning because planning is an inherent element of a scheme to defraud. We disagree. The Guidelines expressly distinguish between simple mail fraud and more elaborate schemes by assessing a two-level enhancement if the offense "involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim." U.S.S.G. Sec. 2F1.1(b)(2). That enhancement is not double counting. See United States v. Long, 977 F.2d 1264, 1277 (8th Cir. 1992).
 
 
 
 [1]
 The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota